# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE EARL HOWELL,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 1:18-cv-01179-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO TRANSFER VENUE<br>(ECF No. 13)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME<br>(ECF No. 14)<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF A COMPLAINT FORM AND REQURING PLAINTIFF TO FILE A COMPLAINT WITHIN THIRTY DAYS<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Ronnie Earl Howell ("Plaintiff") is a county jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated on August 27, 2018 in the Sacramento Division of the United States District Court for the Eastern District of California, (ECF No. 1), and was transferred to the Fresno Division on August 31, 2018, (ECF No. 3). Currently before the Court are Plaintiff's filings of October 9, 2018, (ECF No. 13), and October 22, 2018, (ECF No. 14). The Court will address each motion in turn.

Though difficult to understand, Plaintiff's filing of October 9, 2018 appears to be requesting the transfer of this action back to the Sacramento Division, as well as assistance regarding the type of complaint to be filed. (ECF No. 13.) The filing will be construed as a

1

motion to transfer venue.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b). The party seeking the transfer must meet an initial threshold burden by demonstrating that the action could have been brought in the proposed transferee district. 28 U.S.C. § 1391(b); 28 U.S.C. § 1404(a); Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985); Park v. Dole Fresh Vegetables, Inc., 964 F.Supp.2d 1088, 1093 (N.D. Cal. 2013).

Although difficult to understand, it appears that Plaintiff seeks to file an action concerning various conditions of confinement in Fresno County, which is located within the boundaries of the Fresno Division of the Eastern District of California. Plaintiff appears to name as defendants the State of California and the County of Fresno. There is no indication that any of the defendants "reside" in, or that any of the events giving rise to this suit have taken place within the boundaries of the Sacramento Division of the Eastern District of California. Although Plaintiff argues that he had his reasons for sending the case to the Sacramento Division, due to the nature of his claims against the County of Fresno, that is not a sufficient justification to transfer this action back to the Sacramento Division. Accordingly, venue is appropriate in the Fresno Division of this district.

Plaintiff later explains that he is unsure whether a section 1983 action is the appropriate "avenue" for the type of issues he seeks to raise. Plaintiff lists potential claims as: conspiracy resulting in loss of liberty, sexual abuse, illegal detainment, unlawful strike, a prior conspiracy by the government, contractual agreements, and other issues that the Court cannot decipher. As it appears that at least some of these claims may be raised in a section 1983 action, the Court will permit Plaintiff an opportunity to file an amended complaint that more clearly explains the claims he wishes to pursue in this action. Any claims not appropriately raised in this action will be

dismissed after the Court has screened Plaintiff's complaint.

On October 22, 2018, Plaintiff filed a motion to continue these proceedings for thirty days and a notice of change of address. (ECF No. 14.) Plaintiff states that he was transferred to Atascadero State Mental Hospital on October 10, 2018, and does not have access to his personal and legal property. The Court cannot decipher the meaning of the remainder of Plaintiff's filing, but it appears that Plaintiff generally requests an additional thirty days to file an amended complaint. As the Court has already found it appropriate to grant Plaintiff an opportunity to file an amended complaint, the motion is granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to transfer venue, (ECF No. 13), is DENIED;
2. Plaintiff's motion for an extension of time, (ECF No. 14), is GRANTED;
3. The Clerk of the Court is directed to send Plaintiff a complaint form;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff SHALL file a complaint on the form provided, or a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i); and
5. **If Plaintiff fails to file a complaint in compliance with this order, the Court will recommend dismissal of this action.**

IT IS SO ORDERED.

Dated: **October 24, 2018**            /s/ *Barbara A. McAuliffe*
                                                            UNITED STATES MAGISTRATE JUDGE