# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE EARL HOWELL,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 1:18-cv-01179-BAM (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO AMEND<br>(ECF Nos. 16, 20)<br><br>ORDER DENYING REQUESTS FOR JUDICIAL NOTICE WITHOUT PREJUDICE<br>(ECF Nos. 17, 18, 19)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Ronnie Earl Howell ("Plaintiff"), a former pretrial detainee now housed at Atascadero State Hospital, is proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on August 27, 2018. (ECF No. 1.) Plaintiff's first amended complaint, filed on November 28, 2018, is currently before the Court for screening. (ECF No. 16.) Plaintiff's three separate requests for judicial notice filed on November 28, December 5 and December 21, 2018, also are currently pending before the Court. (ECF Nos. 17, 18, 19.)

On April 30, 2019, Plaintiff also filed what appears to be a renewed motion to file an amended complaint. (ECF No. 20.) As the Court has already screened the first amended complaint and determined that Plaintiff should be granted leave to file an amended complaint, as discussed below, the motion is also granted. The Court provides the following guidance for Plaintiff in

drafting his second amended complaint.

**I. Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II. Discussion**

Plaintiff is currently housed at Atascadero State Hospital, but initiated this action while he was detained in the Fresno County Jail. Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief.

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set

forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–57; Moss, 572 F.3d at 969.

Plaintiff's amended complaint is short but is not a plain statement of his claims. The allegations are disjointed, unclear, difficult to read, difficult to understand and peppered with references to various statutory and code provisions.[1] The Court cannot adequately determine what happened, when it happened, who was involved, or the nature of the claims asserted. Plaintiff will be given an opportunity to cure these deficiencies. In any amended complaint, Plaintiff must include sufficient factual allegations to state a claim and must concisely state what happened, when it happened and who was involved.

As best as the Court can determine from Plaintiff's amended complaint, Plaintiff appears to be challenging the outcome of a child custody dispute in Fresno County. However, the Court lacks jurisdiction over state court custody decisions. See Roles v. California, No. 2:16-CV-02841 WBS DB, 2017 WL 3720248, at *2 (E.D. Cal. Aug. 29, 2017) (finding that federal court lacked subject matter jurisdiction over challenge to outcome of a child custody dispute in state court); Freeman v. Francis, No. 16CV3082-MMA (BGS), 2017 WL 1400158, at *2 (S.D. Cal. Apr. 19, 2017) (finding court lacked jurisdiction over action arising out of a custody dispute). If Plaintiff elects to amend his complaint, he is required to do so in good faith.

### III. Conclusion and Order

Plaintiff's amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the above-identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

///

---

[1] Due to the disjointed nature of his complaint, Plaintiff's requests for judicial notice are DENIED without prejudice. As a practical matter, the Court cannot determine whether the requests contain information relevant or necessary to Plaintiff's allegations. Further, because the requests for judicial notice suffer from deficiencies similar to Plaintiff's amended complaint, Plaintiff has failed to supply the necessary information to support the requests. See Fed. R. Evid. 201.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend the complaint, (ECF No. 20), is GRANTED;
2. Plaintiff's requests for judicial notice, (ECF Nos. 17, 18, 19), are DENIED, without prejudice;
3. The Clerk's Office shall send Plaintiff a complaint form;
4. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and
5. If Plaintiff fails to file a second amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **May 9, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

4