# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE EARL HOWELL, | Case No. 1:18-cv-01179-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| v. | |
| STATE OF CALIFORNIA, et al., | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION |
| Defendants. | (ECF No. 22) |
| | **FOURTEEN-DAY DEADLINE** |

Plaintiff Ronnie Earl Howell ("Plaintiff"), a former pretrial detainee now housed at Atascadero State Hospital, is proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On May 10, 2019, the Court screened Plaintiff's first amended complaint and granted him leave to amend. (ECF No. 21.) Plaintiff's second amended complaint, filed on June 19, 2019, is currently before the Court for screening. (ECF No. 22.)

**I.  Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Allegations in Second Amended Complaint**

Plaintiff is currently housed at Atascadero State Hospital, but initiated this action while he was detained in the Fresno County Jail. Plaintiff names the following defendants: (1) John Barker & Associates, Appointed Attorneys; (2) Fresno County Public Defender's Officer; (3) Mark Mekhitarian, Court Appointed Attorney; and (4) ADO, Appointed Counsel.

In his first claim, Plaintiff asserts that his liberty is being restrained in violation of his due process rights. He alleges as follows:

> In an information filed on Apprial on are about 3rd [17 April 2018 Prelim HRG], "2018." With no-express waive from ten day prelim HRG waiver [4-16-2018], in fact on 44-09-2018 Petitioner pre-perlim hearing, Petitioner stated for the record no com't of speedy trial & no com't of any type by appointted public defender office without my approval [See audio of HRG;] The Judge says ten day's for prelim 17th following day & com't following day making it on 17the of April. On or about 5-02-18 superior arragn oral Marsden MTN made & denids; their after & [illegible sentence] The Court appointted public defenders office & Judge suspends criminal proceeds; I invoke P.C. 1368 proceeds 5th D.C.A…..The People v. Howell, Involves: Hon's "Ellison" & Jonathan Skiles, [reverse in part "strick" stayed] .. these re submerges including Hon. Jon Kapetan to preside agin over [inlcueding] but unchallenged, by the appointted. In fact would not surpress search warrants signed by not a previous search by Kent Hamline previous case, & recent one. My charges CT '1' P.C. 487 subd. (A)), a felony; CT 2 P.C. 459/460(b), & a felony, CT '3' P.C. 459/460(b) a felony., with prior alleged too had been imprison on eight

> separate occasions for felony conviction. It shoud be noted; that each prior our inbeded on each appeal's throught, ex post facto. Judicial notice requested.

(ECF No. 22 at 3-4) (unedited text).

In his second claim, Plaintiff asserts a due process violation and alleges as follows:

> The trial court found Ronnie Howell incompetent to state trial and ordered him committed to the Department of State Hospitals. Despite confirming that Mr. Howell was willing to voluntarily take prescribed medications and absent a penal code sec 1370 hearing on involuntary medication, the trial court authorized the involuntary administration of antipsychotic medication to Mr. Howell in its commitment order. Because the Court's involuntary medication order was not supported substantial evidence and violated Mr. Howell's due process rights—it must be reversed. [¶] The Petitioner request the examiner to review judicial notices, of Petition & Children's previously submitted to. As to what else commited unto while simultaneously while under In re: R.H. [2009].

(Id. at 4-5) (unedited text).

Plaintiff seeks monetary damages.

**III.    Discussion**

**A.    Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–57; Moss, 572 F.3d at 969.

As with his first amended complaint, Plaintiff's second amended complaint is short but is not a plain statement of his claims. The allegations are disjointed, unclear, difficult to read, difficult to understand and peppered with references to various statutory and code provisions. Plaintiff was given an opportunity to cure these deficiencies, but has been unable to do so.

**B.    Commitment to Atascadero State Hospital**

Insofar as Plaintiff seeks to challenge his commitment to the Atascadero State Hospital, the

exclusive method by which to do so is to file a petition for writ of habeas corpus after he has exhausted his state remedies. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Civilly committed persons may pursue habeas relief under 28 U.S.C. § 2254 to challenge their involuntary civil commitment. See Duncan v. Walker, 533 U.S. 167, 176 (2001) (stating that federal habeas corpus review may be available to challenge the legality of a state court order of civil commitment or a state court order of civil contempt); Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005) ("[D]etainees under an involuntary civil commitment scheme ... may use a § 2254 habeas petition to challenge a term of confinement."); Swinger v. Harris, No. CV 16-05694-JVS (DFM), 2016 WL 4374941, at *2 (C.D. Cal. Aug. 12, 2016) (finding plaintiff's sole remedy for invalidating his mentally disordered offender confinement and obtaining release from Atascadero State Hospital was a habeas petition). Further, Plaintiff cannot pursue damages claims in a section 1983 action unless and until he is successful in invalidating his commitment in state proceedings or by federal habeas petition. Swinger, 2016 WL 4374941, at *2-*3.

### C. Child Custody Dispute

Insofar as Plaintiff is attempting to challenge the outcome of a child custody dispute in this federal action, he may not do so. The Court lacks jurisdiction over state court custody decisions. See Roles v. California, No. 2:16-CV-02841 WBS DB, 2017 WL 3720248, at *2 (E.D. Cal. Aug. 29, 2017) (finding that federal court lacked subject matter jurisdiction over challenge to outcome of a child custody dispute in state court); Freeman v. Francis, No. 16CV3082-MMA (BGS), 2017 WL 1400158, at *2 (S.D. Cal. Apr. 19, 2017) (finding court lacked jurisdiction over action arising out of a custody dispute).

### III. Conclusion and Recommendation

For the reasons stated, Plaintiff's second amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable section 1983 claim for relief. The deficiencies in his complaint cannot be cured by additional allegations and thus further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to comply with Federal Rule of Civil Procedure 8 and for failure to state a cognizable section 1983 claim.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 11, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE